UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **B.E. TECHNOLOGY, L.L.C.,**<br><br>    Plaintiff,<br><br>  v.<br><br>**FACEBOOK, INC.,**<br><br>    Defendant. | Civil Action No. 2:12-cv-02769–JPM–TMP<br><br>Hon. John Phipps McCalla<br><br>**JURY DEMAND** |

**FACEBOOK, INC.'s ANSWER TO B.E. TECHNOLOGY, L.L.C.'s
COMPLAINT FOR PATENT INFRINGEMENT**

Facebook, Inc., by and through its counsel, hereby answers Plaintiff B.E. Technology, L.L.C.'s Complaint for Patent Infringement as follows:

**NATURE OF THE ACTION AND PARTIES**

1. Facebook admits that the Complaint purports to state a claim for patent infringement under the Patent Laws of the United States, but denies that the claim has any merit.

2. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in Paragraph 2, and on that basis denies them.

3. Facebook admits that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Menlo Park, California.

**JURISDICTION**

4. Facebook admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Facebook admits that the Complaint purports to state a claim for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

## VENUE

5. Facebook admits that venue in this District complies with 28 U.S.C. §§ 1391 and 1400. Facebook denies that this District is a convenient venue and reserves the right to move to transfer the action to a convenient venue.

## FACTUAL BACKGROUND

6. Facebook denies that the '314 patent is entitled "Computer Interface Method And Apparatus With Portable Network Organization System And Targeted Advertising." Facebook admits that Exhibit A to the Complaint purports to be a copy of the '314 patent.

7. No response is required to B.E. Technology's allegations recited in Paragraph 7 concerning the contents of the '314 patent. The '314 patent speaks for itself. To the extent a response is required, Facebook denies the allegations in Paragraph 7.

8. Facebook admits that the '314 patent appears on its face to have been filed on October 30, 2000, and to have issued on September 30, 2003. Facebook denies that the '314 patent was duly and legally issued. Facebook admits that the '314 patent appears on its face to claim to be a division of U.S. Patent Application No. 09/118,351. Facebook admits that U.S. Patent Application No. 09/118,351 appears on its face to have been filed on July 17, 1998. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in Paragraph 8, and on that basis denies them.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,628,314

9. Facebook repeats its responses to the allegations recited in Paragraphs 1-8, as if set forth in their entirety herein.

10. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in Paragraph 10, and on that basis denies them.

11. Facebook denies that it has infringed Claim 11 or any other claim of the '314 patent either literally or under the doctrine of equivalents. Facebook denies all remaining allegations recited in Paragraph 11.

## JURY DEMAND

Facebook requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

This section of the Complaint constitutes Prayers for Relief which do not require a response. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Facebook denies each and every allegation. Specifically, Facebook denies that B.E. Technology is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, and without altering any burden of proof, Facebook alleges the following affirmative defenses. Facebook reserves the right to amend its Answer, including asserting additional defenses as discovery progresses.

### FIRST AFFIRMATIVE DEFENSE - NON-INFRINGEMENT

1. Facebook does not infringe, and has not infringed, directly, indirectly, or jointly, any valid and enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

2. One or more of the asserted claims of the '314 patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

3. B.E. Technology is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

4. B.E. Technology is barred or limited from recovery under 35 U.S.C. §§ 286-287.

### FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

5. B.E. Technology's Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE – BARRING OF CLAIM FOR INJUNCTIVE RELIEF

6. B.E. Technology's demand to enjoin Facebook is barred, at least because B.E. Technology has suffered neither harm nor irreparable harm from Facebook's actions, and because B.E. Technology has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE – WAIVER, EQUITABLE ESTOPPEL, LACHES, ACQUIESCENCE, EXHAUSTION

7. B.E. Technology's claims for recovery are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, acquiescence, and/or exhaustion.

### OTHER AFFIRMATIVE DEFENSES

Facebook reserves the right to assert additional affirmative defenses during or upon the completion of discovery.

### RELIEF REQUESTED BY FACEBOOK

WHEREFORE, Facebook prays that this Court enter judgment:

A. In favor of Facebook, and against B.E. Technology, thereby dismissing B.E. Technology's Complaint in its entirety, with prejudice, with B.E. Technology taking nothing by way of its claims;

B. Declaring and adjudging that Facebook has not, and does not, infringe the '314 patent;

5.

      C.      Declaring and adjudging that all asserted claims of the '314 patent are invalid and/or unenforceable;

      D.      Declaring that Facebook is a prevailing party and that this is an exceptional case, and awarding Facebook its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

      E.      Awarding Facebook all other relief the Court deems just and proper.

Dated:  December 31, 2012                                Respectfully submitted:


                                                  */s/ Orion Armon*
                                                  COOLEY LLP
Michael Rhodes (*pro hac vice* motion to be filed)
mrhodes@cooley.com
COOLEY LLP
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark Weinstein (*pro hac vice* motion to be filed)
mweinstein@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Orion Armon (*pro hac vice*)
oarmon@cooley.com
Sara Radke (*pro hac vice*)
sradke@cooley.com
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile:  (720) 566-4099

Heather J. Hubbard (TN # 23699)
Laura P. Merritt (TN # 26482)
WALLER LANSDEN DORTCH & DAVIS, LLP -
Nashville City Center
511 Union St., Suite 2700
Nashville, TN 37219-8966
615-850-6024
Fax: 615-244-6804
heather.hubbard@wallerlaw.com
laura.merritt@wallerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served this 31st day of December, 2012, on the following counsel of record via the Court's Electronic Filing System:

Craig Robert Kaufman
Robert Edward Freitas
Hsiang Hong Lin
Qudus B. Olaniran
FREITAS TSENG & KAUFMAN, LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
650-593-6300
ckaufman@ftklaw.com
rfreitas@ftklaw.com
jlin@ftklaw.com
qolaniran@ftklaw.com

Adam Calhoun Simpson
Richard M. Carter
MARTIN TATE MORROW & MARSTON
International Place, Tower II
6410 Poplar Avenue, Suite 1000
Memphis, TN  38119
901-522-9000
asimpson@martintate.com
rcarter@martintate.com


                              /s/      *Orion Armon*