# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

B.E. TECHNOLOGY, L.L.C.,      )
                                    )

           **Plaintiff,**     )
                                    )     **Case No. 2:12-cv-2769 JPM tmp**

   **v.**                      )
                                    )     **JURY DEMAND**

FACEBOOK, INC.,          )
                                    )     **REQUEST HEARING ON MOTION**

           **Defendant.**    )
                                    )
_____ )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Dated:  January 31, 2013          Richard M. Carter (TN B.P.R. #7285)
                                    Adam C. Simpson (TN B.P.R. #24705)
                                    MARTIN, TATE, MORROW & MARSTON, P.C.
                                    6410 Poplar Avenue, Suite 1000
                                    Memphis, TN 38119-4839
                                    Telephone:  (901) 522-9000

                                    Robert E. Freitas (CA Bar No. 80948)
                                    Craig R. Kaufman (CA Bar No. 159458)
                                    Daniel J. Weinberg (CA Bar No. 227159)
                                    James Lin (CA Bar No. 241472)
                                    Qudus B. Olaniran (CA Bar No. 267838)
                                    FREITAS TSENG & KAUFMAN LLP
                                    100 Marine Parkway, Suite 200
                                    Redwood Shores, CA  94065
                                    Telephone:  (650) 593-6300

                                    Attorneys for Plaintiff
                                    B.E. Technology, L.L.C.

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS .................................................................................... 2

        A.      B.E. Technology, L.L.C. ........................................................................ 2

        B.      *B.E. v. Facebook* ................................................................................... 2

III.    THE LAW GOVERNING MOTIONS TO TRANSFER ................................... 3

IV.     TRANSFER IS NOT APPROPRIATE ............................................................... 4

        A.      B.E.'s Choice of Forum is Entitled to Substantial Weight ................... 4

        B.      Private Factors Favor B.E.'s Choice of Forum ..................................... 7

                1.      Convenience of the Parties Weighs Against Transfer .............. 7

                2.      Convenience of the Witnesses Weighs Against Transfer ......... 8

                        a.      Party Witnesses ............................................................ 9

                        b.      Non-Party Witnesses .................................................. 10

                3.      Location of Sources of Proof .................................................. 12

                4.      Facebook Would Not Be Materially Burdened Bearing The
                        Expense of Litigating in the Western District of Tennessee ... 14

        C.      Public Factors Favor B.E.'s Choice of Forum ................................... 15

                1.      Transfer to the Northern District of California Would Delay Trial ........ 15

                2.      The Western District of Tennessee Has a Substantial Local Interest
                        in the Vindication of B.E.'s Patent Rights .............................. 15

V.      CONCLUSION .................................................................................................. 16

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adoma v. Univ. of Phoenix, Inc.*,
711 F. Supp. 2d 1142 (E.D. Cal. 2010) ...................................................................9

*American S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*,
474 F. Supp. 2d 474 (S.D.N.Y. 2002).....................................................................13

*Board of Trs. v. Baylor Heading & Air Conditioning, Inc.*,
702 F. Supp. 1253 (E.D. Va. 1988) ..........................................................................9

*Cincinnati Ins. Co. v. O'Leary Paint Co.*,
676 F. Supp. 2d 623 (W.D. Mich. 2009) ................................................................13

*E2Interactive, Inc. v. Blackhawk Network, Inc.*,
2010 WL 3937911 (W.D. Wis. Oct. 6, 2010)..........................................................15

*Ellipsis, Inc. v. Colorworks, Inc.*,
329 F. Supp. 2d 962 (W.D. Tenn. 2004)..................................................................14

*Esperson v. Trugreen Ltd. P'ship*,
2010 WL 4362794 (W.D. Tenn. Oct. 5, 2010)...........................................9, 11, 15

*Hanning v. New England Mut. Life Ins. Co.*,
710 F. Supp. 213 (S.D. Ohio 1989) ..........................................................................4

*In re Hoffman-La Roche, Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)..................................................................................5

*Hunter Fan Co. v. Minka Lighting, Inc.*,
2006 WL 1627746 (W.D. Tenn. June 12, 2006) (McCalla, J.) ...................... *passim*

*Imagepoint, Inc. v. Keyser Indus., Inc.*,
2005 WL 1242067 (E.D. Tenn. May 25, 2005).........................................................4

*Innogenetics, N.V. v. Abbott Labs*,
512 F.3d 1363 (Fed. Cir. 2008)................................................................................11

*Kerobo v. Southwestern Clean Fuels Corp.*,
285 F.3d 531 (6th Cir. 2002) .....................................................................................3

*Koh v. Microtek Int'l, Inc.*,
250 F. Supp. 2d 627 (E.D. Va. 2003) ........................................................................9

*In re Link_A_Media Devices Corp.*,
662 F.3d 1221 (Fed. Cir. 2011)................................................................................13

- ii -

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Lucent Techs., Inc. v. Aspect Telecomms. Corp.*,
   1997 WL 476356 (E.D. Pa. Aug. 20, 1997) ........................................................7

*Max Rack, Inc. v. Hoist Fitness Sys., Inc.*,
   2006 WL 640497 (S.D. Ohio March 10, 2006) ..................................................12

*MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C.*,
   23 F. Supp. 2d 729 (E.D. Mich. 1998).................................................................4

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2011)............................................................................5

*Moses v. Business Card Express, Inc.*,
   929 F.2d 1131 (6th Cir. 1991) .............................................................................4

*Nationwide Mut. Life Ins. v. Koresko*,
   2007 WL 2713783 (S.D. Ohio Sept. 14, 2007) ..............................................3, 13

*Parsons v. Chesapeake & Ohio Ry. Co.*,
   375 U.S. 71 (1963).............................................................................................15

*Plough, Inc. v. Allergan, Inc.*,
   741 F. Supp. 144 (W.D. Tenn. 1990) ...................................................................3

*Returns Distribution Spec., LLC v. Playtex Prods., Inc.*,
   2003 WL 21244142 (W.D. Tenn. May 28, 2003) .............................................3, 4

*Rinks v. Hocking*,
   2011 WL 691242 (W.D. Mich. Feb. 16, 2011)............................................ *passim*

*Roberts Metals, Inc. v. Florida Props. Mktg. Grp., Inc.*,
   138 F.R.D. 89 (N.D. Ohio 1991) .....................................................................9, 11

*Samsung Elecs. Co. v. Rambus, Inc.*,
   386 F. Supp. 2d 708 (E.D. Va. 2005) ...................................................................9

*Siteworks Solutions, LLC v. Oracle Corp.*,
   2008 WL 4415075 (W.D. Tenn. Sept. 22, 2008)................................................14

*Stewart Organization, Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988)...............................................................................................4

*Tuna Processors, Inc. v. Hawaii Int'l Seafood*,
   408 F. Supp. 2d 358 (E.D. Mich. 2005) ...............................................................3

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)..............................................................................................4

*Viron Int'l Corp. v. David Boland, Inc.*,
    237 F. Supp. 2d 812 (W.D. Mich. 2002) ............................................................10

*In re Zimmer Holdings*,
    609 F.3d 1378 (Fed. Cir. 2010)..........................................................................5

## STATUTES

28 U.S.C. § 1404.....................................................................................................1, 2

28 U.S.C. § 1404(a) ..............................................................................................3, 16

## RULES

Fed. R. Civ. P. 45(b)(2)............................................................................................11

## I.      INTRODUCTION.

This case arises from the infringement by defendant Facebook, Inc. ("Facebook") of United States Patent No. 6,628,314.  This patent describes and claims inventions relating to user interfaces for accessing computer applications and information to provide advertising over a computer network.  The inventor, Martin David Hoyle, who is also the Chief Executive Officer of plaintiff B.E. Technology, L.L.C. ("B.E."), has lived in the Western District of Tennessee since 2006 and currently resides at 116 W. Viking Drive, Cordova, Tennessee, part of the City of Memphis.  B.E. has brought this action because Facebook has infringed B.E.'s patent in this District and across the United States.

Relying on a business plan that is more than a decade old, Facebook has reached the wrong conclusions about the location of relevant witnesses and documents and which individuals play important roles in the management of B.E.  Facebook also is misreads why and when Mr. Hoyle moved to this District.  Based on these misguided notions of B.E. and its connection to the Western District of Tennessee, Facebook has asked the Court to transfer this case from the inventor's and the plaintiff company's home District to Facebook's home, the Northern District of California.  This case is not, however, like others in which plaintiffs take steps to manufacture venue.  The Western District of Tennessee has long been the physical location and home of B.E. and its CEO, the only member of B.E. with any management responsibility since 2008.

Ignoring completely the relevant facts establishing Mr. Hoyle's and B.E.'s longstanding connection to this District, Facebook argues that transfer to the Northern District of California would be more convenient because its global headquarters is located in Menlo Park, California and its witnesses and documents can be found there.  Transfer to California might be more convenient for Facebook, but it would be less convenient for B.E.  Transfer under 28 U.S.C. § 1404 requires a "more convenient forum," not merely a "forum likely to prove equally

convenient or inconvenient," or "a forum the defendant finds more to its liking."  Because

Facebook can offer no more, its motion to transfer should be denied.

## II.     STATEMENT OF FACTS.

### A.     B.E. Technology, L.L.C.

B.E. is a Delaware limited liability company.  Declaration of Martin David Hoyle

("Hoyle Decl.") ¶ 5.  Martin David Hoyle, who goes by David, founded B.E. in 1997 to develop

Internet-related technologies.  *Id*.  B.E. is the assignee of United States Patent No. 6,628,314 (the

"'314 patent") (the "patent-in-suit").  *Id*. ¶ 7.  Mr. Hoyle has been B.E.'s Chief Executive Officer

since 2008.  *Id*. ¶ 6.  Since then, he has been the sole member of B.E. with any management

responsibility.  *Id*.  He previously held other positions with B.E., including serving as its

President from 1997 to 2001.  *Id*.  Mr. Hoyle is the named inventor of the patent-in-suit.[1]  *Id*. ¶ 7.

In April 2006, Mr. Hoyle and his family moved from Mandeville, Louisiana to Eads,

Tennessee.  *Id*. ¶ 2.  They left Louisiana in the aftermath of Hurricane Katrina.  *Id*.  Mr. Hoyle

has remained in the Memphis area, and in this judicial district, ever since.  *See id.* ¶¶ 2-4.  In

2012, after contemplating a return to Louisiana, Mr. Hoyle and his wife moved to Cordova, in

the city of Memphis and also in this District.  *Id. ¶* 4.

B.E. originally maintained its registered office in Michigan where some of its members

and its accountant reside, *id.* ¶ 5, but it formally registered to conduct business in Tennessee in

2012.  *Id*. ¶ 8.

### B.     *B.E. v. Facebook*.

B.E. filed its Complaint in this matter on September 7, 2012.  D.E. 1.  Facebook filed its

Answer on December 31, 2012 admitting that venue is procedurally proper.  D.E. 27 at 2.  This

---

[1] In addition to his work for B.E., Mr. Hoyle is an independent technology consultant.  Hoyle
Decl. ¶ 9.

is one of nineteen cases B.E. has filed in the Western District of Tennessee for the infringement of the patent-in-suit and two related patents not asserted against Facebook.  The defendants in these cases include several of the world's most sophisticated technology companies, each of which regularly conducts business on a massive scale in this District.

### III.     THE LAW GOVERNING MOTIONS TO TRANSFER.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  A decision to transfer venue is made "on an individual basis by considering convenience and fairness."  *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (internal quotes omitted).  The "balance of convenience must weigh heavily in favor of the transfer."  *Nationwide Mut. Life Ins. v. Koresko*, 2007 WL 2713783, at *5 (S.D. Ohio Sept. 14, 2007).

"As a general rule, there is a 'strong presumption' in favor of the plaintiff's selection of forum, and the plaintiff's choice should not be altered 'unless the defendant carries his burden of demonstrating that the balance of convenience strongly favors transfer.'"  *Hunter Fan Co. v. Minka Lighting, Inc.*, 2006 WL 1627746, at * 2 (W.D. Tenn. June 12, 2006) (McCalla, J.) (quoting *Plough, Inc. v. Allergan, Inc.*, 741 F. Supp. 144, 148 (W.D. Tenn. 1990)) (denying a motion to transfer even though the majority of defendant's witnesses and documents were located in California and California was the epicenter of the accused infringing activity).  "When a plaintiff has selected its home forum, this choice is given particular weight."  *Id.* (citing *Tuna Processors, Inc. v. Hawaii Int'l Seafood*, 408 F. Supp. 2d 358, 360 (E.D. Mich. 2005)).

The threshold question on any motion to transfer is whether the plaintiff could have filed the action in the transferee forum.  *See Returns Distribution Spec., LLC v. Playtex Prods., Inc.*,

2003 WL 21244142, at *6 (W.D. Tenn. May 28, 2003); *MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C.*, 23 F. Supp. 2d 729, 739 (E.D. Mich. 1998) (same).  If so, then the "district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

## IV.   TRANSFER IS NOT APPROPRIATE.

B.E. agrees that its patent infringement claims *could have* been brought in the Northern District of California because Facebook infringes there, just as it does in this District, and Facebook is based in the Northern District of California.  The relevant question presented by Facebook's motion is therefore whether Facebook has met its high burden to establish that the Northern District of California is "a more convenient forum," not merely an "equally convenient or inconvenient forum" when compared to the Western District of Tennessee.  *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).  Facebook has not made that showing.

### A.   B.E.'s Choice of Forum is Entitled to Substantial Weight.

As mentioned above, it is well-settled that a plaintiff's choice of forum is entitled to substantial weight.  *Hunter Fan Co.*, 2006 WL 1627746, at *2; *see also Imagepoint, Inc. v. Keyser Indus., Inc.*, 2005 WL 1242067, at *3 (E.D. Tenn. May 25, 2005) (explaining the plaintiff's "choice of forum will be given deference"); *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214-15 (S.D. Ohio 1989) ("considerable weight").  The Western District of Tennessee is B.E.'s principal place of business and its Chief Executive Officer, who is the

named inventor and only managing member of B.E., lives here.  B.E.'s choice of forum should be accorded substantial weight.

Facebook argues that "B.E.'s activities in this District are insubstantial and recent, so the Court should disregard the contacts in its transfer analysis."  D.E. 30 at 2.  That is not true. Unlike the cases on which Facebook relies where the plaintiffs' contacts with the chosen forum were recent or manufactured for the purpose of litigation, Mr. Hoyle has been physically present in this District since 2006, and B.E. since at least 2008.  *Compare* Hoyle Decl. ¶¶ 2-7 *with In re Microsoft Corp.*, 630 F.3d 1361, 1362 (Fed. Cir. 2011) ("[Plaintiff] is operated from the United Kingdom by the patent's co-inventor and company's managing member" and employed no individuals at its office in the Eastern District of Texas.); *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009) ("[T]here appears to be no connection between this case and the Eastern District of Texas except that in anticipation of this litigation, [plaintiff's] counsel in California converted into electronic format 75,000 pages of documents demonstrating conception and reduction to practice and transferred them to the offices of its litigation counsel in Texas."); *In re Zimmer Holdings*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) ("[Plaintiff] transported copies of its patent prosecution files from Michigan to its Texas office space, which it shares with another of its trial counsel's clients.").  B.E.'s contacts with the forum were not manufactured for litigation and as a result, its choice of forum is entitled to "substantial weight."

Facebook makes a number of baseless assertions about Mr. Hoyle and B.E. in an apparent attempt to manufacture a forum shopping narrative where none exists.  For example, despite access to Mr. Hoyle's previously filed declarations opposing the transfer motions of other B.E. defendants, Facebook suggests that Mr. Hoyle is a long-time resident of New Orleans and only bought a house in Cordova to establish contacts in the District for the purpose of this

lawsuit.  D.E. 30 at 13.  Mr. Hoyle is not a recent transplant to the Western District of Tennessee.

Nor was his move to the District, *six* years before the filing of this action, the first step in a slow-

developing scheme to construct the appearance of a connection to the forum.  *See* Hoyle Decl.,

¶¶ 2, 4.

Facebook also wrongly states that the "focal point[s]" of B.E.'s documents and witnesses

are Michigan and New Orleans.  D.E. 30 at 8; *see also id.* at 2 ("[M]ost (or all) of B.E.'s

documents and witnesses likely will be found in Michigan and Louisiana—not Tennessee.").

The physical location of B.E.'s records, including documents demonstrating the conception and

reduction to practice of Mr. Hoyle's inventions, is the Western District of Tennessee.  Mr. Hoyle,

as CEO and inventor, has physical possession of these materials.  None are in Louisiana, and

few, if any, documents relevant to issues in this action are located in Michigan.  Facebook's

apparent ignorance of these publicly available facts might be excused as unfortunate inattention

to detail; but its naked assertions to the contrary are inexcusable.

Finally, Facebook points out that B.E. "only registered to do business in Tennessee one

day before it filed suit."  D.E. 30 at 13.  B.E. does not rely on the simple fact that it is registered

to conduct business in Tennessee as a basis for establishing B.E.'s connection to the District.

B.E. registered because it has a connection to Tennessee; it did not register to establish a

connection.  If the timing of B.E.'s registration is to be questioned, it should be understood that

the registration was made after Mr. Hoyle chose to remain in Tennessee, rather than return to

Louisiana.  Hoyle Decl. ¶ 4.  When B.E. was preparing to file this action and Mr. Hoyle

discovered that B.E. had not registered to do business in Tennessee, the registration was made.

*Id.* ¶ 8.  Regardless, B.E. does not contend that its contacts with the forum are established by its

registration.

**B.     Private Factors Favor B.E.'s Choice of Forum.**

While B.E.'s choice of forum is entitled to substantial weight, the Court is nevertheless required to evaluate private and public factors in determining whether to grant Facebook's motion.  "The private interests of the parties that courts consider when determining whether to transfer a case include: the convenience of the parties, the convenience of witnesses, the location of sources of proof, where the operative facts occurred, the relative ability of litigants to bear expenses in any particular forum, and other practical problems affecting the case."  *Hunter Fan*, 2006 WL 1627746, at *2.

**1.     Convenience of the Parties Weighs Against Transfer.**

The Western District of Tennessee is more convenient for B.E. than the Northern District of California.  As previously explained, B.E. and its CEO, the inventor of the patents-in-suit, reside within the District.  B.E.'s corporate documents and records are here as well.  Facebook does not explain how it will be inconvenienced by conducting litigation in Tennessee.  Indeed, it is reasonable to require companies with the wealth of Facebook to litigate in jurisdictions in which they regularly conduct business.  *See Lucent Techs., Inc. v. Aspect Telecomms. Corp.*, 1997 WL 476356, at *4  (E.D. Pa. Aug. 20, 1997) (finding it reasonable to force a public company with "$300 million a year in sales and approximately $216 million in current assets, to travel to places where it is subject to jurisdiction in order to defend its corporate interests").  Facebook is a public company with the financial capacity to litigate in Tennessee.  Facebook reported for the fiscal quarter ending September 30, 2012 that it generated $1,262,000,000 in revenue.  Declaration of James Lin ("Lin Decl.") Ex. A.  Facebook further reported $16,038,000,000 in total current assets, including $2,478,000,000 in cash and cash equivalents.  As of January 28, 2013, Facebook had a market capitalization of $70,340,000,000, and, to

defend it in this action, it has retained lawyers from San Francisco, Palo Alto, Colorado, and Nashville.  It is doubtful that Facebook will suffer hardship or inconvenience by litigating in the Western District of Tennessee.

### 2.        Convenience of the Witnesses Weighs Against Transfer.

Facebook argues that the "Northern District of California is far more convenient for all of Facebook's witnesses" because they reside there.  D.E. 30 at 11.  By the same logic, transfer to the Northern District of California would be equally inconvenient to B.E.'s witnesses because none of them reside there.  Facebook predicts that B.E.'s witnesses will hail from Michigan and Louisiana.[2]  *See* D.E. 30 at 8.  Facebook is wrong.  Mr. Hoyle is B.E.'s CEO and the inventor of the patent-in-suit.  Mr. Hoyle will be the key trial witness for B.E.  B.E. has no witnesses in Louisiana, and at this stage of the litigation, B.E. cannot identify any reason for a Michigan-based witnesses to testify.  Facebook, of course, cannot either.

Facebook does not offer enough admissible evidence about its witnesses, what they will say, and why they are important to this case to carry its burden that the Western District of Tennessee is inconvenient.  "To sustain a finding on [the convenience of the witnesses] . . . the party asserting witness inconvenience 'has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential trial testimony to enable the court to

---

[2] Facebook argues that the case should be transferred to California because the cost of attendance for "the rest of B.E.'s party witnesses" will be the same in the Western District of Tennessee as the Northern District of California because airfare from Michigan and Louisiana to either Memphis or San Francisco is approximately the same.  *See* D.E. 30 at 11-12.  B.E. has no witnesses located in Louisiana, and is unaware of any "third-party witnesses with knowledge of B.E.'s business operations located in New Orleans," as Facebook proclaims.  *Id*. at 12. Similarly, B.E. is unlikely to call any trial witnesses from Michigan, where B.E. previously maintained a registered office.  Hoyle Decl. ¶ 5.  The only relevant comment Facebook makes about the costs of attendance is its admission that "[c]osts of attendance for Mr. Hoyle will increase if this litigation is transferred."  D.E. 30 at 11.  Because those increased costs will impose a financial burden on B.E. and Mr. Hoyle, *see infra* Section IV.B.4, this case should not be transferred to the Northern District of California.

assess the materiality of evidence and the degree of inconvenience.'" *Rinks v. Hocking*, 2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003)); *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) (same).  District courts typically require affidavits or declarations that contain admissible evidence setting forth "who the key witnesses will be and what their testimony will generally include."  *Rinks*, 2011 WL 691242, at *3 (quoting *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010)); *see also Board of Trs. v. Baylor Heading & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988) ("Witness convenience . . . cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony.").  Facebook provides none of that.

### a.      Party Witnesses.

Facebook claims that its employees who are likely to be witnesses would be inconvenienced if the case remains in Tennessee, but offers no particularized information enabling the Court to ascertain how much weight to give the claim of inconvenience.  Facebook fails to identify any witnesses by name, position title, location, the subject matter on which they will testify, or the burdens they would endure by traveling to Tennessee to testify.  Facebook merely states that the "vast majority of Facebook employees knowledgeable about the design, development, and operation of the www.facebook.com website are located at Facebook's Menlo Park headquarters."  Declaration of Jeremy Jordan ("Jordan Decl.") ¶ 4.  "[A] party that 'fails to identify the witnesses' and 'what their testimony would be' cannot establish that a particular forum is inconvenient."  *Esperson v. Trugreen Ltd. P'ship*, 2010 WL 4362794, at *8 (W.D. Tenn. Oct. 5, 2010) (quoting *Roberts Metals, Inc. v. Florida Props. Mktg. Grp., Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991), *aff'd per curiam*, 22 F.2d 1104 (6th Cir. 1994)).  Facebook's nonspecific representations concerning witness inconvenience do not meaningfully aid in the

evaluation of this factor.  It is "the materiality and importance of the testimony of prospective witnesses, and not merely the number of witnesses, [that] is crucial to this inquiry."  *Rinks*, 2011 WL 691242 at *3 (citing *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 816 (W.D. Mich. 2002)).

Facebook argues that its employees "would not incur any appreciable travel costs associated with appearing at trial," if it were held in the Northern District of California.  D.E. 30 at 12.  But Facebook fails to offer any admissible evidence that it will not cover any travel expenses of its employee witnesses, or that Facebook or its employee witnesses are financially incapable of bearing the travel costs from California to Tennessee.

Finally, Facebook has not shown that all of its witnesses will necessarily be forced to testify in Tennessee.  Typically, though not always, depositions are taken in locations convenient for the witnesses or subject to agreements between the parties mindful of witness convenience. It is likely that Facebook's California-based employees will be deposed in California where B.E.'s lead counsel is based.  *See Hunter Fan*, 2006 WL 1627746, at *2 (witness convenience does not favor transfer where plaintiff "plans to take the depositions of witnesses who are California residents, including Defendant's employees, in California").

### b.       Non-Party Witnesses.

Facebook next argues that the case should be transferred because third-party witnesses, including "at least nine individuals who possess knowledge regarding potentially invalidating prior art," are located outside the Western District of Tennessee.  *See* D.E. 30 at 5.  While the convenience of third party witnesses is a consideration in evaluating a motion to transfer, it is not entitled to great weight where, as here, the movant fails to establish that the third party testimony will be material or important.  *See Rinks*, 2011 WL 691242, at *3 (stating "the materiality and importance of the testimony of the prospective witness" is "crucial to this inquiry").

Facebook lists nine individuals, two of whom are identified as co-founders of a company and seven who are identified as co-inventors on various United States patents.  D.E. 30 at 5-6, 10.  Prior art inventor testimony may not be used to vary the words of the alleged prior art and admissible prior art inventor testimony is almost certain to be severely limited by the time of trial.  *See*, e.g., *Innogenetics, N.V. v. Abbott Labs*, 512 F.3d 1363, 1375 (Fed. Cir. 2008) (affirming order limiting prior art inventor's testimony to the "actual words and content" of the patent application).  Therefore, the testimony of these so-called prior art inventors does not weigh in favor of transfer.

Moreover, Facebook fails to establish that any of these individuals have themselves expressed that they would be inconvenienced by the case remaining in Tennessee or that they would not attend trial if takes place here.  A movant's burden to establish witness inconvenience "consists of more than simply asserting that another forum would be more appropriate for the witness, 'he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district.'"  *Esperson*, 2010 WL 4362794, at *8 (citing *Roberts Metals*, 138 F.R.D. at 93).  Facebook has not met its burden.

Facebook adds that the availability of compulsory process[3] in California weighs in favor of transfer because "[t]here are a significant number of non-party witnesses located in California who are not subject to the Court's subpoena power, . . . ."  D.E. 30 at 10.  Facebook does not deny that it will be able to subpoena these third-parties to produce documents and appear for depositions in their home districts.  *See* Fed. R. Civ. P. 45(b)(2).  Thus, Facebook's "plans to subpoena these individuals for documents and testimony" can be achieved even if the case stays

---

[3] While Facebook addresses the availability of compulsory process as a separate factor, it is "closely tied to the convenience of witness factor," *Rinks*, 2011 WL 691242, at *4, and B.E. addresses it here.

here.  D.E. 30 at 6.  It is true, however, that Facebook will be unable to subpoena some witnesses

for trial if the witnesses are unwilling to appear—which Facebook has not established—but

Facebook does not address the relevance, materiality, and importance of the testimony any

witness who allegedly could not be subpoenaed might give, instead offering only that the third

party testimony might be important.  *See* D.E. 30 at 5 (stating that "Facebook is aware of at least

nine individuals who possess knowledge regarding ***potentially*** invalidating prior art") (emphasis

added).  In the absence of compulsory process, the presentation of the third party testimony may

"not be live and could therefore be less persuasive," *Rinks*, 2011 WL 691242, at *4, but in the

absence of a showing that the potential testimony is material and important, this factor is not

entitled to great weight.

### 3.      Location of Sources of Proof.

Facebook contends that the location of the sources of proof favors transfer because

"Facebook's documentary evidence . . . [is] already located in the Northern District of

California."  D.E. 30 at 8.  Even if that is true, which it appears not to be, Facebook ignores that

the majority of B.E.'s documents are and for years have been maintained in the Western District

of Tennessee.  D.E. 30 at 8 (wrongly assuming that B.E.'s "primary repository of business

documents[] has been located in or around Saginaw, Michigan").  "Although it might be more

convenient for the Defendant to litigate this matter in California because its documents and

evidentiary proof are located in California, it would be less convenient for Plaintiff."  *Hunter*

*Fan*, 2006 WL 1627746, at *3; *see also Max Rack, Inc. v. Hoist Fitness Sys., Inc.*, 2006 WL

640497, at *6 (S.D. Ohio March 10, 2006) ("Both parties will be required to provide

documentary evidence regarding the patented designs.  Any burden imposed on [defendant] is

counter-balanced by the potential burden that would be imposed on [plaintiff] if transferred.").

- 12 -

The location of relevant documentary evidence is increasingly less important in deciding motions to transfer. "[T]he Court does not view [the location of relevant documentary evidence] as particularly significant given the technological age in which we live, and the widespread use of . . . electronic document production." *Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 635 (W.D. Mich. 2009) (internal citations omitted); *American S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2002) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."). The Federal Circuit even acknowledged these advances in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011), stating "[w]hile advances in technology may alter the weight given to these factors, it is improper to ignore them entirely." 662 F.3d at 1224 (discussing the convenience of witnesses and location of documentary evidence factors). Facebook concedes that its sources of proof are maintained in data centers, as opposed to warehouses, and further states that those data centers are not necessarily located within the Northern District of California. Jordan Decl. ¶ 3 ("Nearly all of the highly proprietary information and source code relating to the www.facebook.com website are stored in Facebooks' [sic] various data centers, . . . [t]he same is true for nearly all of the information related to Facebooks' [sic] general operations, marketing, financials, and customer service."); D.E. 30 at 3 ("Facebook maintains several data centers throughout the United States , . . . ."). Thus, Facebook's documentary evidence appears to be both electronically maintained and stored outside the Northern District of California

Finally, it can be expected that Facebook will eventually produce its documents to B.E.'s lead counsel in California, not to B.E. in Tennessee. *See, e.g., Koresko*, 2007 WL 2713783, at *5 ("Although Defendant resides in and maintains his only offices in Pennsylvania, Plaintiff

offered to accept production of relevant documents at the offices of its counsel in Pennsylvania, eliminating any difficulties associated with producing the relevant evidence in the Southern District of Ohio.").  Transfer to the Northern District of California would merely impose on B.E. the same inconvenience that Facebook, a much larger and wealthier litigant, purportedly seeks to eliminate for itself.  Coupled with the fact that Facebook admittedly maintains relevant evidence electronically and can be expected with a high degree of certainty to make its production to B.E.'s California counsel, this factor does not weigh in favor of transfer.

> **4.    Facebook Would Not Be Materially Burdened Bearing The Expense of Litigating in the Western District of Tennessee.**

"The relative ability of litigants to bear expenses in any particular forum" is a factor to be considered in deciding transfer motions.  *Ellipsis, Inc. v. Colorworks, Inc.*, 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004); *Siteworks Solutions, LLC v. Oracle Corp.*, 2008 WL 4415075, at *4 (W.D. Tenn. Sept. 22, 2008) (weighing the relative financial strength of the parties).  Facebook does not contend that it is financially incapable of bearing the expense of litigating in the Western District of Tennessee.  While it notes that it could avoid travel costs for its witnesses appearing at trial if the lawsuit is transferred to the Northern District of California, Facebook fails to assert that such costs impose a burden or hardship on the company.

On the other hand, Facebook admits that "[c]osts of attendance for Mr. Hoyle will increase if this litigation is transferred."  D.E. 30 at 11.  Indeed, B.E. would face a financial burden by having to litigate in the Northern District of California.  Hoyle Decl. ¶ 9.  Mr. Hoyle also would endure financial loss if he is required to travel to California for this case and forego business opportunities in Tennessee.  *Id*.  For these reason, the Court should deny Facebook's motion to transfer.

### C.     Public Factors Favor B.E.'s Choice of Forum.

#### 1.     Transfer to the Northern District of California Would Delay Trial.

The relative docket congestion of the two district courts is an important public interest factor to be weighed in connection with a motion to transfer. *See Esperson*, 2010 WL 4362794, at *10. The speed with which an action may be resolved is a central consideration when choosing a forum for litigation. *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963). "Swift resolution can be particularly important in patent cases because delay might frustrate a patent holder's rights and the value of its patent." *E2Interactive, Inc. v. Blackhawk Network, Inc.*, 2010 WL 3937911, at *4 (W.D. Wis. Oct. 6, 2010) (denying motion to transfer). Based on publicly available Federal Court Management Statistics, transfer to the Northern District of California would likely delay trial of this case by at least one year.

Within the 12 month period ending December 31, 2011, 8,022 cases were filed in the Northern District of California. Lin Decl., Ex. B. The median time from filing to trial was 35.4 months. *Id.* Within that same time frame in this District, 2,129 cases were filed, and the median time from filing to trial was 20.8 months. *Id.* In 2011, the Northern District of California received a significantly larger number of new patent, copyright or trademark infringement filings (528) than this District (15). In 2011, this Court was designated a Patent Pilot Project court, and on September 19, 2011 the Court adopted Patent Local Rules to streamline patent litigation in this District. B.E. has a legitimate interest in the prompt resolution of its patent infringement claims, and transfer would delay trial in this case.

#### 2.     The Western District of Tennessee Has a Substantial Local Interest in the Vindication of B.E.'s Patent Rights.

Facebook wrongly argues that "[t]his District does not have a . . . interest in this dispute because neither B.E. Technology nor Facebook have any history of operations here." D.E. 30 at

- 15 -

14.  As explained above, this is not true.  B.E.'s contacts with the Western District of Tennessee are not recent, ephemeral, or manufactured for the purpose of litigation.  That Facebook purportedly does not operate in Tennessee is neither dispositive nor overly persuasive in evaluating this public interest factor.  Facebook makes its social network available to Tennesseans on a massive scale, a service that B.E. alleges infringe its patent rights.  This District has a local interest in deciding whether one of its resident's patent rights have been violated and awarding an appropriate amount of damages.

B.E. is not a forum shopper.  It filed suit in its home district for its convenience and for the convenience of its CEO and because Facebook has infringed the patent-in-suit here.  As Facebook points out, B.E. filed lawsuits against 19 defendants, many of which are headquartered throughout the United States.  It is not surprising that B.E. would elect to proceed in its home forum given the resources that will necessarily be devoted to prosecuting each of those cases.  By filing all 19 cases in the same district, B.E. will be in position to obtain efficiencies for the benefit of the Court, the federal judicial system, and itself through consolidation of issues for pre-trial and trial.  Transfer to the Northern District of California would undermine those potential efficiencies, particularly because several defendants do not reside in the Northern District of California.

## V.      CONCLUSION.

For the reasons stated above, B.E. respectfully requests that the Court deny Facebook's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

Dated:  January 31, 2013                    Respectfully submitted,

                                            *s/James Lin*
                                            Robert E. Freitas (CA Bar No. 80948)
                                            Craig R. Kaufman (CA Bar No. 159458)
                                            Daniel J. Weinberg (CA Bar No. 227159)
                                            James Lin (CA Bar No. 241472)

Qudus B. Olaniran (CA Bar No. 267838)
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
Telephone:  (650) 593-6300
Facsimile:   (650) 593-6301
   rfreitas@ftklaw.com
   ckaufman@ftklaw.com
   dweinberg@ftklaw.com
   jlin@ftklaw.com
   qolaniran@ftklaw.com

Richard M. Carter (TN B.P.R. #7285)
Adam C. Simpson (TN B.P.R. #24705)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119-4839
Telephone:  (901) 522-9000
Facsimile:  (901) 527-3746
   rcarter@martintate.com
   asimpson@martintate.com

Attorneys for Plaintiff B.E. Technology, L.L.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 31, 2013, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on counsel by the Court's electronic filing notification.

*s/James Lin*
James Lin

- 17 -