UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C.,<br><br>      Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>      Defendant. | Civil Action No. 2:12-cv-02769–JPM–TMP<br><br>Hon. Jon Phipps McCalla<br><br>JURY DEMAND |

**FACEBOOK, INC.'s FIRST AMENDED ANSWER TO B.E. TECHNOLOGY, L.L.C.'s COMPLAINT FOR PATENT INFRINGEMENT**

Facebook, Inc., by and through its counsel, hereby submits the following First Amended Answer to Plaintiff B.E. Technology, L.L.C.'s Complaint for Patent Infringement:

**NATURE OF THE ACTION AND PARTIES**

1. Facebook admits that the Complaint purports to state a claim for patent infringement under the Patent Laws of the United States, but denies that the claim has any merit.

2. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in Paragraph 2, and on that basis denies them.

3. Facebook admits that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Menlo Park, California.

**JURISDICTION**

4. Facebook admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Facebook admits that the Complaint purports to state a claim for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

## VENUE

5.      Facebook admits that venue in this District complies with 28 U.S.C. §§ 1391 and 1400.  Facebook denies that this District is a convenient venue and reserves the right to move to transfer the action to a convenient venue.

## FACTUAL BACKGROUND

6.      Facebook denies that the '314 patent is entitled "Computer Interface Method And Apparatus With Portable Network Organization System And Targeted Advertising."  Facebook admits that Exhibit A to the Complaint purports to be a copy of the '314 patent.

7.      No response is required to B.E. Technology's allegations recited in Paragraph 7 concerning the contents of the '314 patent.  The '314 patent speaks for itself.  To the extent a response is required, Facebook denies the allegations in Paragraph 7.

8.      Facebook admits that the '314 patent appears on its face to have been filed on October 30, 2000, and to have issued on September 30, 2003.  Facebook denies that the '314 patent was duly and legally issued.  Facebook admits that the '314 patent appears on its face to claim to be a division of U.S. Patent Application No. 09/118,351.  Facebook admits that U.S. Patent Application No. 09/118,351 appears on its face to have been filed on July 17, 1998.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in Paragraph 8, and on that basis denies them.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,628,314

9.      Facebook repeats its responses to the allegations recited in Paragraphs 1-8, as if set forth in their entirety herein.

10.     Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in Paragraph 10, and on that basis denies them.

11. Facebook denies that it has infringed Claim 11 or any other claim of the '314 patent either literally or under the doctrine of equivalents. Facebook denies all remaining allegations recited in Paragraph 11.

## JURY DEMAND

Facebook requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

This section of the Complaint constitutes Prayers for Relief which do not require a response. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Facebook denies each and every allegation. Specifically, Facebook denies that B.E. Technology is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, and without altering any burden of proof, Facebook alleges the following affirmative defenses. Facebook reserves the right to amend its Answer, including asserting additional defenses as discovery progresses.

### FIRST AFFIRMATIVE DEFENSE - NON-INFRINGEMENT

1. Facebook does not infringe, and has not infringed, directly, indirectly, or jointly, any asserted claim of the '314 patent, either literally or under the doctrine of equivalents. By way of example only, Facebook does not infringe because the Accused Instrumentalities lack limitations recited in every asserted claim including, without limitation, acquiring demographic information about the user including information specifically provided by the user in response to a request for said demographic information, providing the user with download access to computer software that, when run on a computer, displays advertising content, records computer usage information concerning the user's utilization of the computer, and periodically requests additional advertising content, transferring a copy of said software to the computer in response to

3.

a download request by the user, and other elements recited in the asserted claims.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

2. One or more of the asserted claims of the '314 patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101, 102, 103, and/or 112. By way of example only, one or more asserted claims fail to satisfy the conditions of patentability set forth in 35 U.S.C. § 101 because they are not tied to a particular machine and nor do they lead to the transformation of an article, and therefore fail to recite patent eligible subject matter under *Bilski v. Kappos*, 130 S.Ct. 3218 (2010) and its progeny; the asserted claims fail to satisfy the conditions of patentability set forth in 35 U.S.C. § 102 and/or § 103 because they do not cover novel or non-obvious subject matter and are taught by, suggested by, and/or obvious in view of, the prior art, including but not limited to U.S. Patent Nos. 6,009,410 and 6,014,698; the asserted claims fail to satisfy the conditions of patentability set forth in 35 U.S.C. § 112 at least because limitations relating to selecting advertising content for transfer to the computer in accordance with the demographic information associated with the unique identifier of the user are not supported by an adequate written description or adequately enabled; and no claim of the '314 patent can be validly construed to cover any Facebook product or service.

## THIRD AFFIRMATIVE DEFENSE – PROSECUTION DISAVOWAL AND PROSECUTION HISTORY ESTOPPEL

3. B.E. Technology is barred or limited from recovery in whole or in part by the related doctrines of prosecution disavowal and prosecution history estoppel. During prosecution of utility application No. 09/118,351, the Patent Office issued a restriction requirement, which resulted in the filing of the application that issued as the patent-in-suit. The examiner issued an office action and non-final rejection of claims in the '351 application on November 30, 1999. In its May 4, 2000, office action response, B.E. Technology amended its claims and made

statements and admissions about the nature of its alleged inventions and the scope and contents of the prior art (including the Angles and Merriman references) that constituted disavowals of claim scope in the '314 patent, and which limited B.E. Technology's ability to invoke the doctrine of equivalents for the asserted claims of the '314 patent.

### FOURTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

4.    B.E. Technology is barred or limited from recovery under 35 U.S.C. §§ 286-287. By way of example only, B.E. Technology is barred from recovery under 35 U.S.C. § 286 for any alleged act of infringement occurring more than six years before the filing of the Complaint in this action on September 7, 2012. Facebook further alleges that, prior to receiving a copy of the Complaint in this action, Facebook had neither actual nor constructive notice of any act of alleged infringement on its part, and, on information and belief, the lawful owner of the '314 patent failed substantially and continuously to mark or require marking of CandiBar devices that allegedly embodied one or more claims of the '314 patent with proper notice of said patent, in the manner specified in 35 U.S.C. § 287, such that B.E. Technology is not entitled to pre-filing damages pursuant to that provision.

### FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

5.    B.E. Technology's Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE – BARRING OF CLAIM FOR INJUNCTIVE RELIEF

6.    B.E. Technology's demand to enjoin Facebook is barred, at least because B.E. Technology has suffered neither harm nor irreparable harm from Facebook's actions, and because B.E. Technology has an adequate remedy at law. By way of example only, B.E. Technology is not entitled to injunctive relief because, B.E. Technology is not a competitor of Facebook, B.E. Technology is not suffering any irreparable harm as a result of Facebook's

alleged infringement, and B.E. Technology cannot show that any allegedly irreparable harm it has experienced or is experiencing is attributable to Facebook's alleged infringement. Furthermore, B.E. Technology can be fully compensated for any alleged infringement of the '314 patent with remedies at law (including damages), and can otherwise identify no circumstances in which it is entitled to injunctive relief.

### SEVENTH AFFIRMATIVE DEFENSE – WAIVER, EQUITABLE ESTOPPEL, LACHES, ACQUIESCENCE, EXHAUSTION

7. B.E. Technology's claims for recovery are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, acquiescence, and/or exhaustion. By way of example only, although the '314 patent-in-suit issued on September 20, 2003 and Facebook was launched on February 4, 2004, no allegation of infringement was brought under the '314 patent until September 7, 2012. B.E. Technology's claims under the '314 patent are barred by the doctrines of waiver, equitable estoppels, laches, and acquiescence due to B.E. Technology's (and its predecessors'-in-interest) knowledge of Facebook's allegedly infringing actions, and B.E. Technology's (and its predecessors'-in-interest) inexcusable failure to pursue their infringement claims diligently and timely from the time they knew or should have known that they had claims against Facebook, and by virtue of that failure, Facebook has been materially prejudiced from B.E. Technology's (and its predecessors'-in-interest) inexcusable lack of diligence, including (but not limited to) through the loss of records of third parties pertaining to prior art, and the fading of memories of witnesses who otherwise possess knowledge of the technology at issue. By the conduct set forth above, moreover, B.E. Technology misleadingly communicated to Facebook and others in the industry by words, conduct or silence that activities like those of Facebook (including Facebook's own activities) are not infringing, and due to Facebook's reasonable reliance upon such communications (including Facebook's continuing to maintain its

activities that are now alleged to infringe the '314 patent), and by virtue of the fact that insofar as Facebook reasonably relied on such conduct, Facebook will be materially prejudiced if B.E. Technology were permitted to now assert any claim against Facebook inconsistent with B.E. Technology's (and its predecessors'-in-interest) previous conduct.  B.E. Technology has, on information and belief and based on the conduct identified above, intentionally relinquished its own right or privilege to assert infringement of the '314 patent against companies, including Facebook, that are in the business of providing web-based advertising, and as such B.E. Technology's claims are barred.

8.     Additionally, on information and belief, B.E. Technology's patent rights have been at least partially exhausted as a result of its (or its predecessors'-in-interest) granting of licenses to customers, business partners, suppliers, or advertisers in association with B.E. Technology's (or its predecessors'-in-interest) commercialization or attempted commercialization of the CandiBar software product and related product and service offerings. For example, B.E. Technology's (or its predecessors'-in-interest) 2000 Business Plan indicated that the company (or its predecessors-in-interest) anticipated licensing at least portions of its intellectual property to customers, and the Big Easy Technologies Licensing Agreement indicates that B.E. Technology (or its predecessors-in-interest) granted software licenses to third-parties that partially or wholly exhausted B.E. Technology's ability to obtain remedies for any alleged direct infringement by those users.

### OTHER AFFIRMATIVE DEFENSES

Facebook reserves the right to assert additional affirmative defenses during or upon the completion of discovery.

### RELIEF REQUESTED BY FACEBOOK

WHEREFORE, Facebook prays that this Court enter judgment:

      A.      In favor of Facebook, and against B.E. Technology, thereby dismissing B.E. Technology's Complaint in its entirety, with prejudice, with B.E. Technology taking nothing by way of its claims;

      B.      Declaring and adjudging that Facebook has not, and does not, infringe the '314 patent;

      C.      Declaring and adjudging that all asserted claims of the '314 patent are invalid and/or unenforceable;

      D.      Declaring that Facebook is a prevailing party and that this is an exceptional case, and awarding Facebook its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

      E.      Awarding Facebook all other relief the Court deems just and proper.

Dated: February 8, 2013					Respectfully submitted:


						/s/ Orion Armon
						COOLEY LLP
						Michael Rhodes (*pro hac vice* motion to be filed)
						mrhodes@cooley.com
						COOLEY LLP
						101 California Street
						5th Floor
						San Francisco, CA 94111-5800
						Telephone: (415) 693-2000
						Facsimile: (415) 693-2222

						Heidi Keefe (*pro hac vice*)
						hkeefe@cooley.com
						Mark Weinstein (*pro hac vice* motion to be filed)
						mweinstein@cooley.com
						COOLEY LLP
						3175 Hanover Street
						Palo Alto, CA 94304-1130
						Telephone: (650) 843-5000
						Facsimile: (650) 849-7400

						Orion Armon (*pro hac vice*)
						oarmon@cooley.com
						Sara Radke (*pro hac vice*)
						sradke@cooley.com
						COOLEY LLP
						380 Interlocken Crescent, Suite 900
						Broomfield, CO 80021
						Telephone: (720) 566-4000
						Facsimile:  (720) 566-4099

						Heather J. Hubbard (TN # 23699)
						Laura P. Merritt (TN # 26482)
						WALLER LANSDEN DORTCH & DAVIS, LLP -
						Nashville City Center
						511 Union St., Suite 2700
						Nashville, TN 37219-8966
						615-850-6024
						Fax: 615-244-6804
						heather.hubbard@wallerlaw.com
						laura.merritt@wallerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served this 8th day of February, 2013, on the following counsel of record via the Court's Electronic Filing System:

| | |
|---|---|
| Craig Robert Kaufman<br>Robert Edward Freitas<br>Hsiang Hong Lin<br>Qudus B. Olaniran<br>FREITAS TSENG & KAUFMAN, LLP<br>100 Marine Parkway, Suite 200<br>Redwood Shores, CA 94065<br>650-593-6300<br>ckaufman@ftklaw.com<br>rfreitas@ftklaw.com<br>jlin@ftklaw.com<br>qolaniran@ftklaw.com | Adam Calhoun Simpson<br>Richard M. Carter<br>MARTIN TATE MORROW & MARSTON<br>International Place, Tower II<br>6410 Poplar Avenue, Suite 1000<br>Memphis, TN  38119<br>901-522-9000<br>asimpson@martintate.com<br>rcarter@martintate.com |

/s/ *Orion Armon*