IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FACEBOOK, INC. )<br>)<br>Defendant. )<br>)<br>) | No. 2:12-cv-02769-JPM-tmp |

**ORDER DISMISSING CLAIMS AS MOOT**

The cause is before the Court on Defendant Facebook Inc.'s ("Facebook") Motion for Judgment on the Pleadings, filed March 28, 2017 (ECF No. 84). Facebook seeks dismissal with prejudice of Plaintiff B.E. Technology, LLC's ("B.E.") claims for patent infringement due the cancellation of the asserted patent claims, as well as a judgment reflecting that dismissal and costs pursuant to Federal Rule of Civil Procedure 54(d). (Id.) B.E. agrees that dismissal is appropriate but contends that the claims should be dismissed as moot, rather than dismissed with prejudice. (ECF No. 85.) The Court has considered the parties' motions. For the reasons discussed below, B.E.'s claims are DISMISSED AS MOOT and Facebook's request for the assessment of costs is DENIED without prejudice.

**I.   Background**

    **a.  Factual History**

This cause arises out of alleged patent infringement.  B.E. owns United States Patent 6,628,314 ("the '314 patent"), titled "Computer interface method and apparatus with targeted

advertising." (Pl.'s Compl., ECF No. 1 at PageID 6.[1]) The '314 patent is assigned to B.E. (Id.) B.E. alleges that Facebook infringed at least claim 11 of the '314 patent, which is directed to a "method of providing demographically-targeted advertising to a computer user." (Id., ¶ 11.)

### b. Procedural History

B.E. filed the instant suit on September 7, 2012. (ECF No. 1.) The Court held an Initial Case Management Conference on July 26, 2013. (ECF No. 60.)

On October 8 and 9, 2013, the parties in this case and related cases filed petitions for *inter partes* review (IPR) of claims 11-22 of the '314 patent with the United States Patent & Trademark Office (USPTO). On December 6, 2013, the Court stayed the litigation pending the USPTO's disposition of those IPR petitions. (ECF No. 72.) On April 9, 2014, the PTAB instituted IPR proceedings on claims 11-22 of the '314 patent. (PTAB Proceeding IPR2014-00038, Docket Entry No. 9.)[2] On March 31, 2015, the PTAB issued Final Written Decisions invalidating claims 11-22 of the '314 patent as anticipated by or obvious in light of prior art references. (PTAB Proceeding IPR2014-00038, Docket Entry No. 36.) B.E. appealed the PTAB's Final Written Decisions to the United States Court of Appeals for the Federal Circuit. (ECF No. 83.) The Federal Circuit affirmed the PTAB's decisions on November 17, 2016. B.E. Technology, LLC, v. Google, Inc., No. 2015-1827, 2016 WL 6803057 (Fed. Cir. Nov. 17, 2016).

---

[1] Unless otherwise noted, page numbers in this Order refer to pagination within the record ("PageID").
[2] PTAB case dockets (including IPR petitions, decisions, and related filings) are publicly accessible at https://ptab.uspto.gov/#/login. In the instant order, all references to PTAB docket entries include both the proceeding number and the docket entry.

Facebook filed the instant motion for judgment on the pleadings on March 28, 2017. (ECF No. 84.)  B.E. filed a response on April 25, 2017.  (ECF No. 85.)  Facebook filed a reply on May 9, 2107.  (ECF No. 76.)

**II.     Legal Standards**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed . . . . a party may move for judgment on the pleadings."  Because the grant or denial of judgment on the pleadings is not unique to patent law, courts apply the law of the regional circuit when evaluating motions for judgment on the pleadings.  See Allergan, Inc. v. Athena Cosmetics, Inc., 640 F.3d 1377, 1380 (Fed. Cir. 2011).

A motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).  Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 697 (6th Cir. 2005)).  Under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

"[A] final, affirmed PTO decision determining invalidity . . . is binding . . . because Congress has expressly delegated reexamination authority to the PTO under a statute requiring the PTO to cancel rejected claims, and cancellation extinguishes the underlying basis for suits based on the patent."  Fresenius USA, Inc. v. Baxter Intern., Inc., 721 F.3d 1330, 1344 (Fed. Cir. 2013).  A party whose patent claim is invalidated by a PTO proceeding "no longer has a viable cause of action" in lawsuits that party brought before the claim was invalidated.  Id. at 1345.

>  Collateral estoppel bars relitigation of an issue when four elements are met:
>
>  1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>  2) determination of the issue must have been necessary to the outcome of the prior proceeding;
>  3) the prior proceeding must have resulted in a final judgment on the merits; and
>  4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n, 821 F.2d 328, 330 (6th Cir. 1987).

### III. Analysis

#### a. Nature of Dismissal

B.E.'s suit is moot in light of the PTAB's decision invalidating claims 11-22 of the '314 patent and the Federal Circuit's decision affirming the same. Pursuant to Fresenius, claim cancellation "extinguishes the underlying basis for suits based on the patent." 721 F.3d at 1344. The Federal Circuit has described this extinguishment as a matter of mootness, rather than collateral estoppel. Id. ("[A] final, affirmed PTO decision determining invalidity . . . is binding *not because of collateral estoppel*, but because . . . cancellation extinguishes the underlying basis for suits based on the patent.") (emphasis added). See also id. at 1347 ("the pending litigation is moot"). In light of the cancellation of claims 11-22 of the '314 patent, B.E. no longer has a basis for the instant lawsuit. B.E.'s claims are moot, and the case is dismissed for that reason.

Collateral estoppel does not bar B.E.'s claims. Collateral estoppel bars relitigation of an issue only when the four elements recited in N.A.A.C.P., Detroit Branch v. Detroit Police

Officers Association are met. 821 F.2d at 330.³  In the instant case, "the precise issue[s] raised" are infringement of claims 11-22 of the '314 patent and the validity of those claims. Although validity was litigated during the PTAB IPR proceedings, the PTAB uses different standards of interpretation and burdens of proof than Article III courts do.  The Federal Circuit acknowledged as much in Fresenuis.  721 F.3d at 1345 ("Under Baxter's [argument that collateral estoppel does not apply], the cancellation of claims by the PTO could never affect district court litigation, contrary to the statute.").  The issue of infringement has not been litigated in any forum.  Accordingly, "the precise issue[s] raised in the present case" have not been "raised or actually litigated" previously—as would be required to trigger collateral estoppel—so the doctrine does not bar B.E.'s claims in the instant suit.

Facebook's argument that B.E.'s claims should be dismissed with prejudice to prevent B.E. from re-asserting the claims in subsequent litigation does not militate otherwise.  If B.E. does that, Facebook can move to dismiss the claim under Federal Rule of Civil and seek to recover its expenses (including attorney's fees) as sanctions under Rule 11(c).

      b.  Costs

Federal Rule of Civil Procedure 54(d) provides that "costs . . . should be allowed to the prevailing party."  "'[T]o be a prevailing party, one must receive at least some relief on the merits . . . which alters the legal relationship of the parties.'"  Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004) (quoting Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1364 (Fed. Cir. 2003)) (internal quotation marks omitted) (reversing district court's conclusion that it could not award attorney's fees and costs

---

³ The United States Court of Appeals for the Federal Circuit applies regional circuit law when evaluating whether collateral estoppel applies.  Aspex Eyewear, Inc. v. Zenni Optical Inc., 713 F.3d 1377, 1380 (Fed. Cir. 2013).

in a federal court lawsuit after the USPTO had cancelled the asserted claims in response to defendant's validity challenge in agency proceedings).

In the instant case, Facebook seeks the assessment of costs (ECF Nos. 84, 86), contending that "A dismissal with prejudice is required to protect Facebook's status as the prevailing party." (ECF No. 86 at 1215.) Regardless of whether Facebook can recoup costs in the instant case, its request for costs is premature because the request was made before the claims were resolved. See, e.g., Rose v. Hakim, 335 F. Supp. 1221, 1237 (D.D.C. 1971) (denying request for costs without prejudice before entry of final judgment). Upon entry of the judgment in the instant case, Facebook may—if it desires to do so—renew its motion seeking costs within fourteen (14) days of the entry of that judgment. If Facebook so moves, B.E. shall respond within fourteen (14) days after Facebook's motion. Consistent with Local Rule 54.1(a),[4] the parties should confer regarding costs before submitting a motion or application for costs.

### IV. Conclusion

For the foregoing reasons, B.E.'s claims for patent infringement are DISMISSED AS MOOT and Facebook's request for costs is DENIED without prejudice.

**SO ORDERED**, this 20th day of December, 2017.

       /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[4] "If the parties can agree on costs, it is not necessary to file a cost bill with the clerk."