IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, LLC ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-cv-02769 |
| ) | |
| FACEBOOK, INC. ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## ORDER TAXING COSTS

### PROCEDURAL HISTORY

The record indicates that on December 20, 2017, Judgment was entered in favor of Defendant dismissing all pending claims as "moot", and that on January 3, 2018, Defendant timely filed a Motion for Bill of Costs and accompanying Bill of Costs which included itemized documentation for the requested costs, seeking reimbursement for expenses in the total amount of $4,978.20.

Written notice was issued pursuant to Local Rule 54.1 that a hearing would be held by the Clerk of Court on January 31, 2018, at 10:00 A.M., at which the parties could appear and/or submit citations of law relevant to the issue of taxation of costs in this matter.

On January 17, 2018, Plaintiff filed its Opposition to Facebook, Inc.'s Motion for Costs. On January 24, 2018, Defendant filed its Reply in Support of its Motion for Costs. A cost

assessment hearing was held, as scheduled. Counsel for Plaintiff appeared in person at the hearing. Counsel for Defendant appeared both in person and telephonically at the hearing.

## STANDARD OF REVIEW

Fed. R. Civ. P. 54(d) creates a presumption that the cost of litigation will be awarded to the prevailing party unless the Court finds otherwise, and 28 U.S.C. § 1920 sets forth the scope of costs that are properly recoverable.  Costs will be awarded to the prevailing party unless the non-prevailing party can present circumstances, conditions or factors to be considered that are sufficient to override or mitigate the extent of the award of costs. In the latter instance, it is the losing party who carries the burden of negating the presumption that the winning party ought to recover costs.

The evaluation of the appropriate taxation of costs is therefore more than the mere mechanical application of the above rule and statute and ought to address, at a minimum, the following basic issues: (a) Whether the party submitting the Bill of Costs was, in fact, the prevailing party in the case; (b) Whether and to what extent the costs claimed by the prevailing party are proper under 28 U.S.C. § 1920; (c) Whether these costs are reasonable in amount and were reasonably incurred in prosecuting or defending the related action; (d) Whether the claimed costs were actually incurred; (e) Whether the claimed costs were adequately documented; and (f) Whether there are considerations, factors or circumstances that otherwise overcome the presumption to award costs to the prevailing party.

As to the issues presented in subsection (f) above, in order to overcome the presumption in favor of awarding costs to the prevailing party the following factors may be considered: (1) Whether the losing party prosecuted his/her case in good faith and with propriety; (2) Whether the case itself was close and difficult; (3) Whether the prevailing party had unnecessarily

prolonged trial or injected unmeritorious issues; (4) Whether the taxable costs incurred by the prevailing party are unreasonably large; (5) Whether the prevailing party's recovery is so insignificant that the judgment amounts to a victory to the other party; and (6) Whether the losing party is indigent.

It would also be useful to point out considerations that are often presented but will not be given much, if any, weight in evaluating whether to award costs. These considerations would include the following: (a) That the losing party's case raised important public policy issues that needed to be addressed and that there would be a chilling effect on future issues being raised if costs were imposed; (b) That because the losing party prosecuted or defended their side of the matter in good faith they ought to be excused from paying costs; (c) That the losing party's financial status should exempt them from paying costs, either because they are indigent or because they are disproportionately less wealthy than the prevailing party; and (d) That costs should not be awarded to the prevailing party because their recovery was only nominal, because they only prevailed on a portion of their claims, or because the nature of their relief was non-monetary, such as the issuance of an injunction. These arguments will not significantly influence the awarding of costs, though they might reflect issues related to the likelihood of post-judgment collection. To the extent that these considerations are given any weight it would be only where the Court has some initial basis not to automatically award costs to the prevailing party.

## **ANALYSIS**

I.  *Is Defendant a Prevailing Party?*

Before engaging in a discussion as to the appropriate taxation of costs, the Clerk must first address a preliminary issue presented in this matter, that being whether the Defendant is a

prevailing party under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. To adequately answer this question, a brief history of this cause of action is necessary.

The instant cause arose out of an alleged patent infringement. During the pendency of these proceedings, the parties in this case filed petitions with the U.S. Patent & Trademark Office for *inter partes* review ("IPR") of certain claims of the relevant patent. The Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings and issued its Final Written Decisions invalidating certain claims, including those claims relevant to the instant proceeding. The Federal Circuit affirmed the PTAB's decisions. Defendant then moved for a dismissal, with prejudice, due to the cancellation of the patent claims. This Court did dismiss the case, however it did so finding that cancellation of the patent claims rendered the Plaintiff's claims moot. Plaintiff and Defendant have taken opposing positions as to whether a dismissal for mootness rendered Defendant a prevailing party for purposes of an award of costs under Fed. R. Civ. P. 54(d). Plaintiff and Defendant have both briefed this issue, Plaintiff in its Opposition to Facebook, Inc.'s Motion for Costs, and Defendant in its Motion for Costs and Reply in Support of its Motion for Costs.

Plaintiff's argument in opposition to finding Defendant a prevailing party relied heavily on the Supreme Court's ruling in Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001), which held that the term "prevailing party" does not apply to plaintiffs who have failed to secure a judgment on the merits or a court-ordered consent decree. Id. In that case, the plaintiff's cause of action was rendered moot after a change in the law and the plaintiff was denied prevailing party status. Id.

Plaintiff's reliance on Buckhannon, however, is misplaced. The Supreme Court, in CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642 (2016), noted that Buckhannon addressed when

a plaintiff can be a prevailing party, explaining that "[t]he Court, however, has not set forth in detail how courts should determine whether a defendant has prevailed[,]" recognizing the differing objectives of a plaintiff versus a defendant. Id. at 1646. The Court then proceeded to address that very question: under what circumstances can a defendant be a prevailing party. The Court held that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." Id. at 1646. Rather, the "defendant has [] fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." Id. at 1651.

The Court in CRST then analyzed when, as a prevailing party, a defendant would be entitled to attorneys' fees in accordance with the relevant fee-shifting statute. While this is a step we needn't take as we are not addressing a request for attorneys' fees, the Court's reasoning on this point is instructive.  The Court suggested that possible grounds of awarding attorneys' fees are case dispositive procedural issues such as sovereign immunity and mootness. Id. at 1652-53. This is significant in that a prerequisite to a court engaging in an award of attorneys' fees analysis is the existence of a prevailing party. Accordingly, the Court's suggestion that mootness may give rise to attorneys' fees lends support to the notion that mootness can form the basis upon which a prevailing party can be established.

While CRST was addressing the term "prevailing party" in the fee-shifting statute under Title VII of the Civil Rights Act of 1964, the Court noted "it has been [its] approach to interpret the term in a consistent matter." Id. at 1646. Consequently, the Court's interpretation of "prevailing party" in CRST will be the interpretation used by the Clerk herein.

Defendant, in addition to citing CRST, makes reference to a number of district court and federal circuit cases which have addressed the "prevailing party" question since CRST. In all of these cases, save one, J.E. v. Wong, No. 14-00399 HG-KJM, 2016 WL, the defendant was identified as the prevailing party after a nonmerits based dismissal.[1] While Plaintiff correctly pointed out that none of the dismissals in these cases were for mootness that was not, in the Clerk's view, Defendant's purpose in presenting this litany of cases. Rather, it seems to the Clerk that Defendant was simply highlighting that since CRST, several courts have awarded "prevailing party" status upon defendants who have obtained favorable rulings based upon nonmerit reasons.

The question now becomes, as it pertains to the instant matter, whether the dismissal for mootness rendered Defendant the prevailing party such that it is entitled to an award of costs pursuant to Fed. R. Civ. P. 54(d). Upon a review of CRST and its progeny, the answer must be yes.

As the court in Raniere v. Microsoft Corporation, 2018 U.S. App. LEXIS 9775 (Fed Cir. 2018) instructed:

> The relevant inquiry post-*CRST*, then, is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—"a judicially sanctioned change in the legal relationship of the parties"—effects or rebuffs a plaintiff's attempt to effect a "material alteration in the legal relationship between the parties."

Id. at 18-19, quoting CRST supra. The Clerk finds that it does. Plaintiff's attempt to effect a material alteration in the legal relationship between itself and Defendant was rebuffed when the

---

[1] In J.E. the district court was not presented with, and therefore did not address, the issue of whether the defendant was the prevailing party in any of its claims. While the terms "moot" and "prevailing party" both appeared in the court's opinion, the two were addressed in regards to two separate claims and no discussion as to mootness and prevailing party ever occurred. Id.

6

matter was dismissed as moot, and it is of no consequence that such rebuttal was not based on the merits. Defendant's objective has been fulfilled.

## II.     Taxation of Costs

Defendant filed its Motion for Bill of Costs on January 3, 2018, requesting $4,978.20 in taxable costs. On January 17, 2018, Plaintiff filed written objections to Defendant's Motion for Costs. On January 24, 2018, Defendant filed their reply to Plaintiff's objections. A cost taxation hearing was held on January 31, 2018, with counsel for both parties in attendance.

Plaintiff's first objection, that Defendant was not a prevailing party, has been disposed of. Turning to Plaintiff's final objection, Plaintiff argues that should Defendant be found to be a prevailing party, that Defendant is not entitled to be awarded fees for the *pro hac vice* admission of its out-of-district counsel. Plaintiff is correct in its objection. *Pro Hac Vice* costs are not recoverable in this district. As set forth in numerous previous opinions, many of which Plaintiff correctly cites in its objection, *pro hac vice* fees are more in the nature of overhead expenses, not litigation costs, and they are not recoverable. The Clerk will reduce Defendant's Bill of Costs by $500.00.

As to Defendant's claim for fees for service of summons and subpoena in the amount of $119.00, Plaintiff has submitted no objection. However, the Clerk finds that a $119.00 service fee for one individual is excessive and reduces this amount to $65.00, which is what the U.S. Marshal Service's service fee is.

As to Defendant's claim for fees for printed or electronically recorded transcripts in the amount of $2.919.20, Plaintiff has submitted no objection and the Clerk finds that the nature of costs submitted by Defendant are those contemplated under 28 U.S.C. § 1920 and that these costs were adequately documented to show they were reasonable in scope and expense, that they

were actually incurred in this case, that they were necessary to properly defend Defendant in this action, and that none of them were incurred solely for convenience.

As to Defendant's claim for fees for witnesses in the amount of $40.00, Plaintiff has submitted no objection and the Clerk finds that the nature of costs submitted by Defendant are those contemplated under 28 U.S.C. § 1920 and that these costs were adequately documented to show they were reasonable in scope and expense, that they were actually incurred in this case, that they were necessary to properly defend Defendant in this action, and that none of them were incurred solely for convenience.

As to Defendant's claim for compensation of interpreters in the amount of $1,400.00, Plaintiff has submitted no objection and the Clerk finds that the nature of costs submitted by Defendant are those contemplated under 28 U.S.C. § 1920 and that these costs were adequately documented to show they were reasonable in scope and expense, that they were actually incurred in this case, that they were necessary to properly defend Defendant in this action, and that none of them were incurred solely for convenience.

Therefore, these are the reductions that will be assessed against Defendant's costs:

|   |   | Reductions |
|---|---|---|
| 1. | Fees of the Clerk (*pro hac vice* fees) | $500.00 |
| 2. | Service of Subpoena – Yuichiro Tsutsui | 54.00 |
|   | Total reductions from Defendant's itemized costs | $554.00 |

The Clerk, therefore, awards costs in favor of the Defendant in the amount of $4,424.20 after deducting the reductions set forth above.

8

## DECISION

It is the Order of the Clerk of Court that costs be awarded against the Plaintiff, B.E. Technology, LLC, and in favor of the Defendant, Facebook, Inc., in the amount of $4,424.20.

## NOTICE OF RIGHT TO HAVE DECISION REVIEWED

Pursuant to Fed. R. Civ. P. Rule 54(d), the taxation of costs by the Clerk of Court may be reviewed by the Court upon motion to the Court served within 5 days of the docketing of this Order.

Dated:  May 8, 2018.

**s/ Thomas M. Gould**
**Thomas M. Gould, Clerk of Court**
