UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C.,<br><br>          Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>          Defendant. | Civil Action No. 2:12-cv-2769-JPM-tmp<br><br>Hon. Jon Phipps McCalla |

**MOTION FOR REVIEW OF THE CLERK'S ORDER TAXING COSTS,
MEMORANDUM, AND LR 7.2 CERTIFICATE OF CONSULTATION**

**MOTION**

Pursuant to Federal Rule of Civil Procedure 54(d), B.E. Technology, L.L.C. ("B.E.") respectfully moves the Court to review the Clerk of Court's Order Taxing Costs (ECF No. 101) and, based on that review, to vacate that order. This motion is based on the accompanying Memorandum, the papers on file in this action, and upon any such other evidence and argument as may be presented at a hearing on the motion.

**MEMORANDUM**

In support of this Motion B.E. would show the Court as follows:

Facebook, Inc. ("Facebook") argued that a dismissal with prejudice was "required" to "protect" its status as a purported prevailing party. ECF No. 86 at 5. Because this case had become moot as a result of a decision by the Patent Trial and Appeal Board finding the asserted

claims of the '314 patent unpatentable, a dismissal with prejudice was not proper. Consistent with the settled law, the Court rejected Facebook's request for a dismissal with prejudice and dismissed the case as moot. ECF No. 87. The acknowledged "requirement" for Facebook to be a prevailing party was therefore not present.

Facebook nonetheless sought costs under Rule 54(d) on the theory that it became a prevailing party when the case was dismissed as moot. The Clerk agreed, but there is no "prevailing party" when a case is dismissed as moot. For this and the reasons that follow, the Court should vacate the Clerk's Order.

I.    THERE IS NO "PREVAILING PARTY" WHEN A CASE IS DISMISSED AS MOOT.

"It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills* v. *Green*, 159 U.S. 651, 653 (1895)) (citing *Preiser* v. *Newkirk*, 422 U.S. 395, 401 (1975) and *North Carolina* v. *Rice*, 404 U.S. 244, 246 (1971)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). *See also City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during the litigation, the action can no longer proceed, and must be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bancorp*, 494 U.S. 472, 477-78 (1990)). "[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013).

In *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), the Supreme Court held that when "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change," the plaintiff is not a prevailing party. *Id*. at 605. *See Raniere v. Microsoft Corp.*, No. 2017-1401, 2018 U.S. App. LEXIS 9775, at \*15 (Fed. Cir. April 18, 2018) ("[a]cknowledging *Buckhannon's* requirement that the change in the relationship between the parties 'must be marked by 'judicial *imprimatur*'"). "The change in the parties' legal relationship must be the product of judicial action." *Singer Mgmt. Consultants v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) (citing *Buckhannon*, 532 U.S. at 605-06). The case involved in *Buckhannon* was dismissed as moot, and there was therefore no "judicial *imprimatur*" associated with the "result" obtained by the plaintiff, and it could not be said that the change in the defendant's conduct was "the product of judicial action."

The Clerk appears to have concluded that the *Buckhannon* requirement of a "judicial *imprimatur*" is useful only when a court considers whether a **plaintiff** is a "prevailing party." In *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016), the Supreme Court noted that it had not previously "set forth in detail how courts should determine whether a defendant has prevailed," but this does not mean that *Buckhannon* must be disregarded when a defendant claims to be a prevailing party. If the suggestion is that a judicial *imprimatur* denying relief to the plaintiff is present when a case is dismissed as moot, it is clearly incorrect. *See Church of Scientology*, 506 U.S. at 12. In all cases, there must be a "decision" (adjudication) that produces a change in the legal relationship between the parties. In no case does a mootness dismissal accomplish this result. In *Rainere*, the Federal Circuit made clear that a "decision" that changes the legal relationship between the parties is required, regardless of whether it is the plaintiff or

(as in *Rainere*) the defendant seeking prevailing party status. *See Rainere*, 2018 U.S. App LEXIS 9775, at *18-19.

The Clerk also expressed the view that, in *CRST*, the Supreme Court "suggested that possible grounds of awarding attorneys' fees are case dispositive procedural issues such as sovereign immunity and mootness." ECF No. 101 at 5. The Clerk misread *CRST*.

The *CRST* Court explained that a claim made by a plaintiff may be "frivolous, unreasonable, or groundless," and thus warrant an award of attorneys' fees under the standard set forth in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978), for various reasons that do not involve the merits of the case. *CRST*, 136 S. Ct. at 1652-53. A case may meet the *Christiansburg* standard, the Court said, if it is "barred by state sovereign immunity," *id.* (citing *C. W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247–48 (9th Cir. 2015)), "or is moot." *Id.* (citing *E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d 145, 152–54 (4th Cir. 2014)). The Court's reference to a case being "frivolous, unreasonable, or groundless" if it is filed and pursued despite the fact that it is "moot" was not a reference to Article III mootness, and no court has interpreted this reference in that manner.[1]

The *Propak* case cited by the Supreme Court was not dismissed as moot. There, the defendant won summary judgment on the basis of laches and was held the prevailing party as a result. 742 F.3d at 147. *Christiansburg* required the defendant to establish more than success in defeating the EEOC to obtain attorneys' fees, however. "In awarding attorneys' fees, the district court concluded that the EEOC acted unreasonably in filing the employment discrimination complaint, because events that occurred during the EEOC's administrative investigation precluded the EEOC from obtaining either injunctive or monetary judicial relief." *Propak*, 746

---

[1] The Clerk acknowledged that none of the cases cited by Facebook involved Article III mootness. ECF No. 101 at 6 ("none of the dismissals in these cases were for mootness").

F.3d at 147.  The district court determined that the "EEOC acted 'unreasonably' in filing the complaint, and alternatively held that the EEOC acted 'unreasonably' in continuing the litigation in view of the developing record."  *Id.* at 150.  The filing of the complaint was unreasonable "because 'by the time the EEOC determined to bring this action it was abundantly clear that a lawsuit would be moot and thus it was unreasonable to have filed it.'"  *Id.*

The district court also concluded "that injunctive relief was not available because Propak had closed the Shelby plant and its other North Carolina facilities, and that an award of monetary damages was unlikely because the EEOC knew before filing the complaint that it could not identify the class of alleged victims."  *Id.*  Moreover, "the EEOC's continued pursuit of the litigation following discovery . . . was unreasonable because 'it was again reaffirmed [during discovery] that purported victims and witnesses could not be located [and] the facilities were closed.'"  *Id.*  "The court further concluded that the EEOC unreasonably continued to pursue the litigation after learning that the relevant employment records 'were no longer in existence.'"  *Id.*  The Clerk's conclusion that *CRST* "suggested" by citing *Propak* that Article III "mootness can form the basis upon which a prevailing party can be established" is not sound.  ECF No. 101 at 5.

The Clerk also found that pursuant to *CRST*, Facebook is the prevailing party because B.E.'s "attempt to effect a material alteration in the legal relationship between itself and Defendant was rebuffed when the matter was dismissed as moot . . . ."  ECF No. 101 at 6-7.  The Clerk got it backward.  The question is not whether B.E. failed to achieve an alteration in the legal relationship between the parties, but whether there was a judicial decision that did so.

> The relevant inquiry post-*CRST*, then, is not limited to whether a defendant prevailed on the merits, but also considers *whether the district court's decision*—"a judicially sanctioned change in the legal relationship of the parties"—effects or rebuffs a plaintiff's attempt to effect a "material alteration in the legal relationship between the parties."

*Raniere*, 2018 U.S. App. LEXIS 9775, at *18-19 (emphasis added).  A mootness dismissal is an act taken in recognition of the fact that the court has no power to alter the legal relationship between the parties because it is no longer presented with a live controversy.  *See Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1027 n.6 (Fed. Cir. 2005) ("Obviously, if the case was moot then the Dismissal Order had no effect on the parties' legal relationship and did not confer upon Rice 'prevailing party' status.") (citing *N. Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("It has frequently [been] repeated that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.")).  A mootness dismissal does not effect a change, and it does not effect or rebuff a plaintiff's attempt to prevail.  The court simply stands down because it must.  It is therefore not important whether it is fair to say that Facebook's "primary objective" was achieved when the case became moot.

The question presented in *CRST* was whether it is necessary for a successful defendant to win "on the merits" to be a "prevailing party."  In *CRST*, there was an adjudication in the defendant's favor because the EEOC failed to satisfy its pre-suit obligation.  136 S. Ct. at 1649.  It was disputed whether that adjudication was "on the merits" and if an adjudication "on the merits" was required for the defendant to be the prevailing party.  The Court held that even though the adjudication was not "on the merits," success "on the merits" is not required for prevailing party status.  *Id.* at 1650-51.  Thus, when there is an adjudication, "on the merits or not," a defendant can be a prevailing party.  *Id.*  The adjudication produces "a judicially sanctioned change in the legal relationship of the parties," even when it is based on a consideration such as that found determinative in *CRST*, and not the merits of the case.  The question arising from *CRST* is whether there has been an adjudication.

Unlike the parties in the cases cited by Facebook, Facebook did not "obtain a favorable ruling based on nonmerit reasons." *See* ECF No. 101 at 6. Facebook did not obtain a ruling at all. Indeed, Facebook did not even achieve the dismissal with prejudice it acknowledged to be "required" for it to attain prevailing party status. *See* ECF No. 87 at 3-4 ("In light of the cancellation of claims 11-22 of the '314 patent, B.E. no longer has a basis for the instant lawsuit. B.E.'s claims are moot, and the case is dismissed for that reason."). Facebook is not a prevailing party.

## II. CONCLUSION.

For the foregoing reasons, B.E. respectfully requests that the Court vacate the Clerk's Order and find that Facebook is not a "prevailing party."

Dated: May 14, 2018

Respectfully submitted,

*/s/Robert E. Freitas*
Robert E. Freitas (CA Bar No. 80948)
Daniel J. Weinberg (CA Bar No. 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301
rfreitas@fawlaw.com
dweinberg@fawlaw.com

Richard M. Carter (TN B.P.R. #7285)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119-4839
Telephone: (901) 522-9000
Facsimile: (901) 527-3746
rcarter@martintate.com

Attorneys for Plaintiff B.E. Technology, L.L.C.

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), I certify that on May 14, 2018, Kayla Odom on behalf of Plaintiff B.E. Technology, L.L.C., spoke with Orion Armon, counsel for Defendant Facebook, Inc., regarding the this Motion for Review of the Clerk's Order Taxing Costs. I understand that the parties were unable to reach agreement and that Mr. Armon indicated to Ms. Odom that Facebook intends to oppose B.E.'s motion.

                                                    */s/Robert E. Freitas*
                                                    Robert E. Freitas

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on all counsel by the Court's electronic filing notification or via email.

                                                    */s/Robert E. Freitas*
                                                    Robert E. Freitas