# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FACEBOOK, INC., ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 2:12-cv-2769-JPM-tmp <br><br> Hon. Jon Phipps McCalla |

## B.E. TECHNOLOGY, L.L.C.'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff B.E. Technology, L.L.C. hereby appeals to the United States Court of Appeals for the Federal Circuit from the Order Affirming Clerk's Order Taxing Costs entered August 10, 2018 (Dkt. 109). A copy of the Order is attached hereto as Exhibit A.

Dated:  September 10, 2018

Respectfully submitted,

*/s/Daniel J. Weinberg*
Robert E. Freitas (CA Bar No. 80948)
Daniel J. Weinberg (CA Bar No. 227159)
FREITAS & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone:  (650) 593-6300
Facsimile:  (650) 593-6301
rfreitas@fawlaw.com
dweinberg@fawlaw.com

        Richard M. Carter (TN B.P.R. #7285)
        MARTIN, TATE, MORROW & MARSTON, P.C.
        6410 Poplar Avenue, Suite 1000
        Memphis, TN 38119-4839
        Telephone:  (901) 522-9000
        Facsimile:  (901) 527-3746
        rcarter@martintate.com

        Attorneys for Plaintiff B.E. Technology, L.L.C.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 10, 2018, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on all counsel by the Court's electronic filing notification or via email.

        */s/Daniel J. Weinberg*
        Daniel J. Weinberg

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | ) | |
|---|---|---|
| B.E. TECHNOLOGY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:12-cv-02769-JPM-tmp |
| v. | ) | |
| | ) | |
| FACEBOOK, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER AFFIRMING CLERK'S ORDER TAXING COSTS

The cause is before the Court Plaintiff B.E. Technology, LLC ("B.E.")'s Motion for Review of the Clerk's Order Taxing Costs (ECF No. 102), filed May 14, 2018. B.E. requests that the Court vacate the Clerk's order (ECF No. 101) and find that Plaintiff Facebook, Inc. ("Facebook") is not a "prevailing party" for the purposes of Federal Rule of Civil Procedure 54(d). Facebook has filed a response (ECF No. 103) and B.E. has filed a reply. (ECF No. 106.) For the reasons discussed below, the Clerk's Order Taxing Costs is AFFIRMED.

### I. Procedural History

B.E. filed this action on September 7, 2012. (ECF No. 1.) On December 6, 2013, the Court stayed the action pending disposition of *inter partes* review of the asserted patents at the United States Patent & Trademark Office. (ECF No. 72.) The asserted claims were invalidated during the *inter partes* review, and the Court of Appeals for the Federal Circuit affirmed that decision on November 17, 2016. B.E. Technology, LLC, v. Google, Inc., No. 2015-1827, 2016 WL 6803057 (Fed. Cir. Nov. 17, 2016). On December 20, 2017, this Court

Page 1

dismissed the action as moot because B.E.'s asserted claims had been invalidated. (ECF No. 87.)

On January 3, 2018, Facebook filed a motion for a bill of costs pursuant to Rule 54(d). (ECF No. 89.) The Clerk of Court held a hearing on the motion on January 31, 2018. (ECF No. 93.) On May 8, 2018, the Clerk entered an order finding that Facebook was a prevailing party for the purposes of the Rule, and taxing costs in the amount of $4,424.20 against B.E. (ECF No. 101 at 1347.) B.E. timely filed the instant motion for review. (ECF No. 103.)

**II.     Analysis**

The Court reviews the Clerk's taxation of costs de novo. BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 418 (6th Cir. 2005) (citing Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233 (1964)).

The Supreme Court of the United States recently discussed the circumstances in which a defendant can be considered a "prevailing party." CRST Van Expedited, Inc. v. E.E.O.C., 136 S.Ct. 1646 (2016). The Court held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" Id. at 1651. The Court explained:

> Common sense undermines the notion that a defendant cannot "prevail" unless the relevant disposition is on the merits. Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

Id. See also Raniere v. Microsoft Corp., 887 F.3d 1298, 1306 (Fed. Cir. 2018)("The relevant inquiry post-CRST, then, is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision . . . effects or rebuffs a plaintiff's attempt

to effect a "material alternation in the legal relationship between the parties.") Although CRST did not involve cost-shifting under Rule 54, it required the Supreme Court to interpret the term "prevailing party." 136 S.Ct. at 1646. "[I]t has been the Court's approach to interpret the term [prevailing party] in a consistent manner." Id. Accordingly, the Supreme Court's interpretation of "prevailing party" for the purposes of the fee-shifting statute at issue in CRST applies likewise to the term "prevailing party" in Rule 54(d).

In the instant case, the Clerk correctly determined that Facebook is a prevailing party. On December 20, 2017, the Court dismissed B.E.'s claims as moot. Although the claims were dismissed as moot, Facebook nonetheless obtained the outcome it sought: rebuffing B.E.'s attempt to alter the parties' legal relationship. Because Facebook obtained the outcome it sought, the Clerk correctly determined that Facebook is a "prevailing party" as the Supreme Court has interpreted that term. Pursuant to Rule 54(d)(1), Facebook "should be allowed" its costs. The Clerk's Order Taxing Costs is hereby AFFIRMED.

B.E.'s arguments in opposition do not compel a different outcome. B.E. argues that "there can be no 'prevailing party' when a case is dismissed as moot." (ECF No. 102 at 1349.) The Supreme Court's CRST opinion unambiguously states that non-merits dispositions can result one party prevailing; a dismissal for mootness is one such non-merits disposition. B.E. is correct that CRST did not squarely address the issue presented here, because CRST did not involve a dismissal for mootness. The Supreme Court's reasoning from CRST and its enunciation of the standard for determining a "prevailing party" do, however, extend to the instant case.

Page 3

### III.     Conclusion

B.E. did not raise any other challenges to the Clerk's Order Taxing Costs.  (See ECF No. 102.)  Accordingly, the Clerk's Order is AFFIRMED.


**SO ORDERED**, this 10th day of August, 2018.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE